# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WAIL SALEM, | ) | |
| Petitioner, | ) ) ) | No. 18 C 6772 |
| v. | ) ) | Judge Edmond E. Chang |
| KESS ROBERSON, JOHN BALDIN, and THE ATTORNEY GENERAL OF ILLINOIS, | ) ) ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Wail Salem filed a petition for a writ of habeas corpus, 28 U.S.C § 2254,[1] asserting that he is over-serving his state court sentence by 156 days, in violation of the Eighth Amendment.[2] R. 1, Habeas Pet. Respondents Kess Roberson, John Baldwin, and Attorney General of The State of Illinois (the "State") argue that Salem failed to exhaust his claim in state court, and therefore ask the Court to dismiss the petition without prejudice. R. 13, State's Resp.[3] Salem did not file a reply brief.

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. §2241. Citations to the docket are noted as "R.," followed by the docket entry.

[2] Although Salem's petition refers to the Eighth Amendment, because this is a state claim, the Court presumes that Salem really means the Eighth Amendment as incorporated through the Fourteenth Amendment against state and local governments. See *Robinson v. California*, 370 U.S. 660, 667 (1962).

[3] The State points out that "[t]he proper habeas respondent is the person who has custody of the petitioner." R. 13, State's Resp. at 1 n.1. That is correct. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Because Salem is currently incarcerated at Lincoln Correctional Center, where Kess Roberson is warden, Roberson is the correct respondent. John Baldwin and the Attorney General are dismissed as respondents.

A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court. Because Salem failed to appeal the state Circuit Court's decision denying his motion to amend his mittimus, he did not exhaust his claim in state court. Salem's petition is dismissed without prejudice, and no certificate of appealability shall issue.

## I. Background

### A. Conviction and Appeals

Salem is in the custody of the Illinois Department of Corrections (IDOC), serving a sentence of 11 and a half years for possession of a stolen motor vehicle, imposed in Will County Case No. 10 CF 1808. R. 1-1, Habeas Pet., Exh. A, Inmate Status Report; R. 14-10, St. Ct. Rec., Exh. J., Opening Br. on Sup. Ct. Appeal at 5. Salem explains that that sentence was to run consecutive to a previous sentence of five years that he received on one count of theft, imposed in Cook County Case No. 10 CR 58940. Habeas Pet., Exh. A, Inmate Status Report. (He did not appeal that conviction.) After the sentencing in the Will County case, No. 10 CF 1808, Salem moved for a new trial, arguing that (1) he was denied his rights to a fair and impartial jury; (2) the prosecutors committed error in introducing evidence of past crimes; (3) the State failed to disclose exculpatory evidence; (4) the jury was biased because they were aware that he was in custody; and (5) the State made improper comments in argument. R. 14-4, St. Ct. Rec., Exh. D, Opening Br. on Direct Appeal at 42-43 (attaching the motion). The motion was denied. *Id.* at 18.

Salem then appealed his Will County conviction, arguing that the trial court committed reversible error by allowing his prior convictions into evidence at trial. State Ct. Rec., Exh. D, Opening Br. on Direct Appeal at 5. The Appellate Court dismissed the appeal for lack of jurisdiction, because Salem had not filed either his post-trial motion or notice of appeal within 30 days of the verdict. *See* R. 14-3, St. Ct. Rec., Exh C, Initial Order on Direct Appeal. Salem did not argue that his mittimus was incorrect, or that he was over-serving his sentence, in the appeal. *See* St. Ct. Rec., Exh. I, Sup. Ct. Opinion on Direct Appeal at 3.

Following the dismissal of his first direct appeal, Salem petitioned for rehearing. In that petition, he argued that the appellate court "failed to consider" his argument that the doctrine of revestment gave it jurisdiction over his appeal. R. 14-7, St. Ct. Rec., Exh. G, Petition for Rehearing on Direct Appeal at 2. The petition was denied. R. 14-8, St. Ct. Rec., Exh. H, Pet. Leave to Appeal at 25. Salem then petitioned the Illinois Supreme Court for leave to appeal. *See generally id*. The Supreme Court consolidated that appeal with Salem's appeal of a new Will County conviction (No. 11 CF 935), R.14-9, St. Ct. Rec., Exh. I, Sup. Ct. Opinion on Direct Appeal at 3, and then exercised its authority to reinstate both appeals, given what it considered was Salem's understandable confusion about when to file his post-trial motions and notices of appeal, *id*. at 7.

On remand, the appellate court affirmed Salem's conviction in No. 10 CF 1808. R. 14-13, St. Ct. Rec., Exh. M, Second Order on Direct Appeal at 1. So, Salem petitioned for leave to appeal again. *See* R. 14-14, St. Ct. Rec., Exh. N, Second Pet.

3

Leave to Appeal. This time, the Illinois Supreme Court denied his petition. R. 14-15, St. Ct. Rec., Exh. O, Order Denying Second Direct Appeal at 1. None of Salem's state court appeals presented the issue that he has raised in this petition.

### B. Will County Motion & Federal Habeas Petition

After completing the appeals process described above, Salem filed a motion to correct his mittimus in case No. 10 CF 1808 in the Will County Circuit Court. That motion was heard on September 27, 2018. R. 14-2, State Ct. Rec., Exh. B, Circ. Ct. Docket Report, No. 10-CF-1801 at 26. Salem pointed out that his Will County sentencing order from February 27, 2012, in case No. 11 CF 935, stated that he was entitled to receive credit for actual time served. Habeas Pet. at 3-4, *see also* R. 1-1, Habeas Pet., Exh. B, Sentencing Order. But instead of showing the exact dates through which he served time, the order only stated that he was owed 156 days of credit. Habeas Pet. at 3-4, *see also* R. 1-1, Habeas Pet., Exh. B, Sentencing Order. The Illinois Department of Corrections had issued a letter stating that it was unable to credit the 156 days unless Salem's mittimus reflected the *dates* Salem was held, R. 1-1, Habeas Pet., Exh. D, Brown Ltr., and at Salem's September 27 hearing, the trial court denied his motion for lack of evidence, Habeas Pet. at 4. Salem did not appeal the denial of his motion. Instead, he filed a habeas petition in this Court. *See generally* Habeas Pet.

In his petition, Salem asserts that he is over-serving his state court sentence in the custody of the Illinois Department of Corrections by 156 days in violation of the Eighth Amendment (apparently because of errors in calculating his sentences in

4

Cook County case No. 10 CR 58940 and Will County case No. 10 CF 1808). *See generally* Habeas Pet. The State responded to Salem's petition, arguing that Salem failed to exhaust his claim in state court, and that for that reason, the Court should dismiss the petition without prejudice. *See generally* State's Resp. Salem did not reply.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up).[4] A habeas petitioner must fully and fairly present his federal claims through one complete round of the state appellate review process before filing a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "In Illinois, this means that a petitioner must have . . . appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *O'Sullivan*, 526 U.S. at 842-46). If the court rules against the petitioner, the burden is on the petitioner to "take the

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

usual steps necessary to present that claim on appeal." *Toney v. Franzen*, 687 F.2d 1016, 1022 (7th Cir. 1981).

### III. Analysis

### A. Exhaustion of State Court Remedies

A state inmate seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, until a trial court issues its decision on a motion to correct the mittimus and the petitioner fully completes the state appellate review process, the claim remains unexhausted. *See United States ex. rel. Keys v. Barnham*, 2001 WL 40808, at *3 (N.D. Ill. Jan. 16, 2001) (determining that the petitioner had fully exhausted his state court remedies where he appealed the denial of his motion for a corrected mittimus to the appellate court and then filed a petition for leave to appeal to the Illinois Supreme Court); *Mayes v. Robert*, 2013 U.S. Dist. LEXIS 27397, at *10 (S.D. Ill. Feb. 28, 2013) ("Until the trial court issues its decision on the motion to correct the mittimus, and petitioner fully completes the state appellate review process, this claim remains unexhausted."); *see also generally People v. White*, 831 N.E.2d 657, 660 (Ill. App. Ct. 2005) (entertaining an appeal of a denial of a motion for corrected mittimus); *c.f. People v. Vara*, 115 N.E.3d 53, 64 (Ill. 2018) (clarifying that the appellate court has jurisdiction over appeals of denied motions to correct errors in fines and fees on the mittimus).

Salem did not present the over-service claim in the state court system. Instead, after the state trial court denied his motion to amend the mittimus, Salem filed a

habeas petition directly in this Court. So he did not exhaust the remedies available to him in state court.

In the alternative, the State also argues that, regardless of whether Salem appealed or not, his motion to correct the mittimus was not the proper means for obtaining the relief he sought from the state court in the first instance. State's Resp. at 4. According to the State, the right way to obtain the proper time credit was to file a writ of mandamus. *Id.* Although the Court does not have to decide this issue, because Salem was in any case required to appeal the denial of his motion and did not, there are Illinois state cases that have accepted the procedural route Salem took. Illinois courts seem to accept either a writ of mandamus *or* a motion to amend or correct the mittimus. *Compare Toney*, 687 F.2d at 1021 ("Under IL law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with law."); *Owens v. Lane*, 553 N.E.2d 784, 786 (Ill. App. Ct. 1990) (stating that mandamus was the proper remedy where a petitioner sought a judicial order to require IDOC to recalculate his release date), *with People v. Brown*, 72 N.E.3d 444, 446 (Ill. App. Ct. 2017) (construing a petitioner's *pro se* motion for order *nunc pro tunc* requesting the circuit court to correct the mittimus as a motion to correct the mittimus); *White*, 831 N.E.2d at 660 (explaining that the trial court had jurisdiction to consider the defendant's post-conviction motion to correct the mittimus, and reversing the trial court's denial of the motion). In any event, Salem did not exhaust the claim in the state court system.

### B. Salem Is Not Entitled to a Certificate of Appealability

If Salem seeks to appeal the dismissal of his habeas petition, then he must first obtain a certificate of appealability. Under 28 U.S.C. § 2253, "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the circuit justice or judge first issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

To obtain a certificate of appealability, "the applicant [must] ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability may only issue when the "prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Salem has not shown that jurists of reason would find it debatable as to whether this Court was correct in its procedural ruling. *See id*. It is crystal clear that he failed to exhaust the claim in the state court system. So the Court declines to issue a certificate of appealability.

### IV. Conclusion

In sum, a state inmate seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court. Salem failed to appeal the

Will County Circuit Court's decision denying his motion to correct the mittimus (nor did he raise the issue in the direct appeal), and thus he failed to exhaust. Salem has provided no good reason for his failure to exhaust (and did not file a reply brief). The Court dismisses Salem's petition without prejudice and denies a certificate of appealability.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 28, 2019